COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Overton


WASHINGTON GAS LIGHT COMPANY

MEMORANDUM OPINION*

v.     Record No. 1618-03-4

PER CURIAM

OCTOBER 14, 2003

NADINE THOMPSON


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Robert B. Evans, on briefs), for appellant.

(Manuel R. Geraldo; Robinson & Geraldo, on brief), for appellee.


Washington Gas Light Company (employer) contends that the Workers' Compensation Commission (1) arbitrarily disregarded the deputy commissioner's admonishments to Nadine Thompson concerning her credibility; (2) failed to articulate a basis for reversing the deputy commissioner's credibility determination; and (3) ignored the expert opinion of Dennis L. Hart that Thompson's job tasks did not involve ergonomic stressors and that no data supported an association between her multiple complaints and specific job tasks. Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.[1]

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The issues set forth above constitute the "Questions Presented" by employer in its opening brief for consideration by this Court. Any additional issues or arguments raised in the appellee's brief or in employer's reply brief that do not specifically address the questions presented by employer in its opening brief are not relevant to this appeal and will not be addressed by this Court.

I.

The deputy commissioner's August 20, 2002 opinion does not contain any specific recorded observations regarding Thompson's credibility.

> When the full commission reviews a deputy commissioner's findings of credibility, it must first consider the basis of those findings. If the deputy commissioner's finding of credibility is based, in whole or in part, upon the claimant's appearance and demeanor at the hearing, the commission may have difficulty reversing that finding without recalling the witness. A specific recorded observation of a key witness's demeanor or appearance in relation to credibility is an aspect of the hearing that the commission may not arbitrarily disregard. However, if the deputy commissioner's determination of credibility is based upon the substance of the testimony rather than upon the witness's demeanor, such a finding is as determinable by the full commission as by the deputy.

Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 880-81 (1992) (citations omitted).

Employer cites no authority for its contention that the deputy commissioner's admonishments to Thompson during the hearing regarding the manner in which she was responding to questions constituted an explicit credibility determination that could not be arbitrarily reversed by the commission. The argument lacks merit.

II.

The commission's opinion contains a lengthy recitation of Dr. Hart's findings and opinions. Thus, the record permits the reasonable inference that the commission considered that evidence in rendering its decision. Accordingly, we hold that employer's argument that the commission arbitrarily ignored Dr. Hart's expert testimony lacks merit.

As fact finder, the commission was entitled to believe Thompson's testimony, to accept as persuasive the opinions of Drs. Joseph Liberman and Rida N. Azer, and to give little probative weight to Dr. Hart's findings. The testimony of Thompson and her supervisor, Michael

O'Malley, and the opinions of Drs. Liberman and Azer constitute credible evidence to support the commission's decision.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>